## SAUNDERS v. ADAMS EXPRESS CO.

(Circuit Court, D. New Jersey. April 11, 1905.)

1. FEDERAL COURTS—REMOVAL OF CAUSES—JOINT-STOCK ASSOCIATIONS—CITIZENSHIP.

A joint-stock company, though a legal entity, and suable in the name of its president under state laws, is not a corporation, and cannot be deemed to have citizenship for the purpose of removing actions against it to the federal courts.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, §§ 64–67½, 173.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. SAME—STATE COURTS—JURISDICTION.

Where, prior to the filing of a petition for removal of a cause against a joint-stock express company, the state court' had acquired full jurisdiction over defendant's person by the service of process on two of defendant's agents, as authorized by New Jersey Practice Act 1903 (P. L. 1903, p. 545) § 40, defendant's nonresident president, on entering an appearance, was not entitled to have the suit removed to the federal court.

On Motion to Remand.

Preston Stevenson, for the motion.
Conover English and Robert H. McCarter, opposed.

LANNING, District Judge. The defendant, the Adams Express Company, is a joint-stock association organized under the laws of the state of New York. Section 1919 of the New York Code of Civil Procedure provides in reference to such an association that:

"An action or special proceeding may be maintained by the president or treasurer of an unincorporated association, consisting of seven or more persons, to recover any property or upon any cause of action for or upon which all the associates may maintain such an action or special proceeding by reason of their interest or ownership therein, either jointly or in common. * * * An action or special proceeding may be maintained against the president or treasurer of such an association to recover any property or upon any cause of action," etc.

This action was commenced in the Supreme Court of the state of New Jersey under the authority of section 40 of the New Jersey practice act of 1903 (P. L. 1903, p. 545), which is as follows:

"Any unincorporated organization consisting of seven or more persons and having a recognized name, may be sued by such name in any action affecting the common property, rights and liabilities of such organization; all process, pleadings and other papers in such action may be served on the president or any other officer for the time being or the agent or manager or person in charge of the business of such organization; such action shall have the same force and effect as regards the common property, rights and liabilities of such organization as if it were prosecuted against all the members thereof; and such action shall not abate by reason of the death, resignation, removal or legal incapacity of any officer of such organization or by reason of any change in the membership thereof."

Appearance for the defendant was entered in the Supreme Court as follows:

"The appearance of the defendant in the above-entitled cause is hereby entered this 9th day of March, 1905, by and in the name of Levi C. Weir, a

citizen of the state of New York, the president of, and one of the members and partners in, the said the Adams Express Company."

In the petition to the Supreme Court for the removal of the cause to this court, the petitioner, Levi C. Weir, declared:

"That he is the president of, and one of the members and partners in, the Adams Express Company, an unincorporated organization or joint-stock association organized under the laws of the state of New York, and that as such he has entered his appearance as and for the defendant in the above-entitled suit, which is now pending in the said Supreme Court of the state of New Jersey. * * * That the controversy of said suit is between citizens of different states, and that your petitioner [that is, Levi C. Weir], the defendant herein, was at the time of the commencement of the said suit, and still is, a resident of and citizen of the state of Ohio, and a nonresident of the state of New Jersey, and that the said plaintiff, Bertram H. Saunders, at the time of the commencement of the said suit was, and still is, a resident of, and citizen of, the state of New Jersey."

The plaintiff moves to remand the case to the state court, and bases that motion on the theory that this court is without jurisdiction of the case.

I think the motion to remand must prevail. In Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800, it was held that an allegation that a joint-stock company is a citizen of the state under whose laws it is organized cannot be considered as an averment that will aid the court in determining the question of jurisdiction, where citizenship is to be considered. The rule is that a joint-stock company like the Adams Express Company, although a legal entity, is not a corporation, and cannot be deemed to have citizenship. The same doctrine was declared in Great Southern Fireproof Hotel Company v. Jones, 177 U. S. 449, 20 Sup. Ct. 690, 44 L. Ed. 482, and Thomas v. Board of Trustees, 195 U. S. 207, 25 Sup. Ct. 24, 49 L. Ed. ——. The defendant, however, seeks to distinguish the case in hand from the cases decided by the Supreme Court above mentioned, because Levi C. Weir, the president of the Adams Express Company, has entered appearance for the defendant; he being a citizen of the state of New York. The argument is that inasmuch as the New York Code authorizes a suit to be brought by, or instituted against, the president of the association, as its representative, the case must now be regarded as one against him in his representative capacity. In Boatner v. American Express Company (C. C.) 122 Fed. 714, the Circuit Court for the Western District of Kentucky refused to remand a case in which the plaintiff was a citizen of Kentucky, and the defendant, the American Express Company, was a joint-stock association organized under the laws of the state of New York, and three other individual defendants were citizens of Kentucky. The cause had been removed to the United States Circuit Court upon the petition of James C. Fargo, a citizen of New York, and treasurer of the American Express Company, who voluntarily entered his appearance in the action in the state court, and there filed his petition for removal. The United States Circuit Court found that the three individual defendants had been improperly sued with the American Express Company, and refused to consider their citizenship on the

question of removal. The court held that Fargo, the treasurer of the association, had the right to enter appearance as treasurer, and that, being a citizen of New York, he could remove the action to the federal court. The court declared, also, that there was nothing in that decision inconsistent with the case of Chapman v. Barney and the Great Southern Fireproof Hotel Company v. Jones, above referred to. It does not appear in that case that the court acquired jurisdiction of the American Express Company before Fargo, its treasurer, entered appearance. The case before me differs from that case in this respect: that this case was instituted in the Supreme Court of the state of New Jersey against the unincorporated association under the provisions of section 40 of the practice act, above quoted. The record of the case shows that the summons was served upon "William H. Cawley, the agent in charge of the defendant's office at Trenton, New Jersey, personally, on March 29, 1904, and also by giving and delivering a true copy thereof to John C. McNeice, route agent of said defendant, personally, at Trenton, New Jersey, on March 31, 1904." This service has been held by the Supreme Court to be good. It will be observed, then, that the defendant here is the unincorporated association, and that it has been properly brought into court. Levi C. Weir, the president of the association, in one paragraph of his petition for removal, says that he has entered his appearance "as and for the defendant in the above-entitled suit" (that is, as and for The Adams Express Company), while in the next paragraph he speaks of himself as "the petitioner, the defendant herein." He is not the defendant in the suit, and his citizenship cannot be considered in determining the question of jurisdiction. The defendant is the Adams Express Company, and that company is without citizenship. Therefore, under the authority of the cases decided by the Supreme Court, this court has no jurisdiction.

There will be an order remanding the cause to the state court, with costs upon this motion to the plaintiff.