## O'NEIL v. CO-OPERATIVE LEAGUE OF AMERICA.

(District Court, M. D. Pennsylvania. March 10, 1922.)

### No. 313.

**1. Courts ⬅280—Jurisdiction must affirmatively appear.**

The United States District Court has no jurisdiction, except that conferred by the Constitution and Laws of the United States, and a cause is presumed to be without its jurisdiction, unless the contrary affirmatively appears.

**2. Courts ⬅23, 37(1)—Jurisdiction cannot be conferred by consent or waiver.**

When jurisdiction of the United States District Court depends on diverse citizenship, the absence of facts in the record showing the required diversity is fatal, even if the parties fail to call attention to the defect, or consent that it be waived, since consent cannot confer jurisdiction.

**3. Courts ⬅272—Plaintiff can elect to sue in own district, if jurisdiction depends on diversity of citizenship.**

Under Judicial Code, § 51 (Comp. St. § 1033), providing that in a civil suit, where jurisdiction is founded on diversity of citizenship only, suit shall be brought only in the district of the residence of either the plaintiff or the defendant, the plaintiff, where jurisdiction depends on diversity of citizenship, may bring it either in the district of the defendant or in his own district, if defendant can be there served.

**4. Courts ⬅315—Unincorporated association has citizenship of its members.**

An unincorporated association has no citizenship by reason of its organization, and its citizenship for jurisdictional purposes is dependent on that of its members.

**5. Courts ⬅279—Bill showing neither plaintiff nor defendant resides within district defeats jurisdiction.**

A bill, in a suit where jurisdiction depends on diversity of citizenship, which shows that plaintiff was a citizen and resident of another state, and that the members of defendant unincorporated association were citizens of another district in the same state as the district of suit, affirmatively shows that the court has no jurisdiction, and must be dismissed.

In Equity. Suit by Daniel J. O'Neil against the Co-Operative League of America. On exceptions to the master's report. Bill dismissed for want of jurisdiction.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., for plaintiff.

C. R. Savidge, F. A. Witmer, and J. P. Carpenter, all of Sunbury, Pa., and H. E. Elliott, of Cleveland, Ohio, for defendant.

WITMER, District Judge. The bill alleges that the plaintiff, Daniel J. O'Neil, is a citizen of the state of New York; the defendant the Co-Operative League of America is "an unincorporated association duly organized and existing under the laws of the state of Pennsylvania with its home office in the county of Allegheny, said state, doing business there and elsewhere in the state and in this district; and that the persons comprising said association and in charge of the offices thereof are citizens and residents of the state of Pennsylvania, county of Allegheny."

[1, 2] It is the duty of the court to inquire whether the showing made entitles the plaintiff's case to consideration here. The jurisdiction of this court is limited, in the sense that it has no jurisdiction ex-

cept that conferred by the Constitution and laws of the United States, and a cause is presumed to be without its jurisdiction, unless the contrary affirmatively appears. It is well established that when jurisdiction depends upon diverse citizenship, as in this case, the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived. Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462; Martin v. Baltimore & Ohio R. Co., 151 U. S. 673, 689, 14 Sup. Ct. 533, 38 L. Ed. 311; Powers v. Chesapeake & Ohio Ry., 169 U. S. 92, 98, 18 Sup. Ct. 264, 42 L. Ed. 673. In the case of Minnesota v. Northern Securities Co., 194 U. S. 48, 63, 24 Sup. Ct. 598, 601 (48 L. Ed. 870) it was said:

"Consent of parties can never confer jurisdiction upon a federal court. If the record does not affirmatively show jurisdiction in the Circuit Court, we must, upon our own motion, so declare and make such order as will prevent that court from exercising an authority not conferred * * * by statute."

The record here not only fails to set forth averments conferring jurisdiction, but it affirmatively discloses facts clearly indicating the contrary.

[3] The jurisdiction of the United States District Court is fixed by the Judicial Code of March 3, 1911, c. 231, § 51, U. S. Stat. at Large, volume 36, page 1087, Federal Statutes Annotated Supplement 1912, volume 1, p. 153 (Comp. St. § 1033), wherein it is provided:

"Except as provided in the five succeeding sections, no person shall be arrested in one district for trial in another, in any civil action before a District Court; and, except as provided in the six succeeding sections, no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

It is evident from the language employed that a person can be sued only in the court of the district whereof he is an inhabitant, unless the sole ground of jurisdiction is founded on diversity of citizenship of states, in which event the plaintiff may elect to bring his action either in his own district or that of the defendant. The last clause is by way of proviso to the next preceding clause, which restricts the jurisdiction to the defendant's resident district, and it, the proviso, extends the right of the plaintiff to sue under certain circumstances in the district of his own residence; that is, when both of the parties plaintiff and defendant, are citizens of different states. The purpose of the proviso is to afford the plaintiff the same advantage of litigation in his own district that the defendant has, if he can there obtain service of process.

[4, 5] The defendant, it is said, is an unincorporated association duly organized and existing under the laws of Pennsylvania. It is not a body corporate, created by the state, and thus a citizen by reason of its incorporation. Its citizenship for jurisdictional purposes is dependent on its members comprising the association (Thomas v. Board of Trustees of Ohio State University, 195 U. S. 211, 25 Sup. Ct. 24,

49 L. Ed. 160; Saunders v. Adams Express Co. [C. C.] 136 Fed. 494), who it is alleged are citizens of Allegheny county, this state, beyond the limits of this federal judicial district. The conclusion reached by the learned master, that the contract sought to be annulled is a binding legal obligation, would no doubt be affirmed; but, in view of the decision reached, an opinion need not be expressed.

The bill is dismissed.