## BARTLING v. CONGRESS OF INDUSTRIAL ORGANIZATIONS et al.
## PADGETT v. SAME.
### Nos. 2615, 2616.

District Court, E. D. Michigan, S. D.
June 25, 1941.

Davidow & Davidow, of Detroit, Mich., for plaintiffs.

William Henry Gallagher, of Detroit, Mich., for defendants.

Walter M. Nelson, of Detroit, Mich., for Communist Party.

PICARD, District Judge.

This is an action brought by two Ford employees who allege that as a result of

the wrongful acts and conspiracy of defendants, the Communist Party of the United States and the Congress of Industrial Organizations, each voluntary associations, they, suffered bodily injury and, are now continually threatened with being deprived of their right to work. The claim is also made that defendant CIO is controlled by defendant Communist Party. Each defendant, through respective counsel, insists that this court has no jurisdiction to try and hear the issues involved since many of the individual members of each defendant are residents, inhabitants, and citizens of the State of Michigan, as are plaintiffs. Other questions of jurisdiction, some of them depending upon testimony to be taken, are also advanced, but this court finds that an answer to the first argument will be sufficient to at least require defendants to further plead.

It is admitted that defendant, Communist Party, although privileged to operate in the State of Michigan, is organized under the laws of the State of Illinois with its main Michigan office at Detroit and that the CIO, acting through its locals has a right to operate legally in Michigan, and is organized under the laws of the State of Pennsylvania with its main Michigan office in Detroit. It is also admitted that many members of defendant organizations are citizens of the state of Michigan and the question is whether an association such as is represented by the respective defendants must be sued in the state of its official residence since citizenship of many of its individual members is the same as that of the plaintiffs.

We find that the question of jurisdiction raised in this case is covered entirely, either directly or by reasonable deduction, by the case of United Mine Workers of America et al. v. Coronado Coal Company et al., 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762. In truth the Coronado facts seem to be on all fours with the matter at bar. Up to the time of the Coronado decision, there seemed to be no holding or law, other than those passed in some individual states, permitting action against an unincorporated union as such. But the Supreme Court in the above case in an opinion by Chief Justice Taft settled the question by holding (1924) in effect that the development of labor unions and centralization of power and property in one central body with the right to absolutely control, crown, or decapitate even the individual organizers and

officers of local unions was of such a corporate nature that public policy demanded that having acquired protection and benefits under the laws of the United States they should also be required under some circumstances to respond in federal courts. Defendants do not deny right of plaintiffs to sue each of them in the proper tribunal, which they say is either the state court or if in the federal court, then at their official residence whenever a federal question is involved, such as to-wit: the right to work. Defendants reason also that although the Coronado case settled the question that a union could be sued in the federal court, it did not abrogate the long standing recognized rule that membership of defendants was determinative on the question of jurisdiction. In other words, they contend that the Coronado case held that the union could be sued as a unit, but if action were initiated the citizenship of each member of defendant union must be different from that of each plaintiff, citing two federal cases which they believe conclusive on their theory.

We have carefully examined the opinion of the Coronado case and we find that the action was brought by the receiver of several coal companies against the United Mine Workers of America for damages under the Sherman Anti-Trust Act, 15 U. S.C.A. § 1–7, 15 note. The situs of the suit was the State of Arkansas and Arkansas is not and was not the official residence of defendant United Mine Workers of America. Admittedly many members of defendant were citizens and inhabitants of the State of Arkansas. It is apparent therefore that the background of facts is not at variance with those at bar. They are strangely similar. The question discussed by the Chief Justice was one of jurisdiction based upon defendant's contention that it was a loosely organized association, not a corporation. Defendant further reasoned that the individual members could be sued but not the national union as such and although there is nothing said in the Coronado opinion directly referring to the citizenship of the union's individual members as being or not being determinative of the issue of jurisdiction, one cannot believe that if this had been considered of any force the court would have permitted the question to go unanswered. If not raised by the parties would not the court undoubtedly have suggested discussion of this subject in view of pos-

sible future litigation? In addition, eminent counsel represented the parties, among them the recently resigned Chief Justice Charles Evans Hughes, who spoke for the union. Is it possible that with a made to order defense awaiting him Mr. Hughes missed the point now advanced by defendants? And did Justice Taft also fail to appreciate the possible scope of his opinion? We think not. Does it not follow that the narrowness of a decision that gives plaintiff a right to sue the union but only in the union's own bailiwick would afford no real redress to the very great majority of those who might have occasion to bring action throughout the other forty-seven states and the District of Columbia where the union was not domiciled? We believe that the only logical deduction from the Coronado case gives plaintiffs right to their action in this court.

However, the question is not without some merit, particularly in view of two decisions advanced by defendants which were rendered following the Coronado case and where the right to sue the union is not disputed. In each case also it is held that the citizenship of the individual members of the union should be taken into account when jurisdiction is questioned.

In the first case that of Russell v. Central Labor Union et al., D.C., 1 F.2d 412 we find this distinction, however. The Russell case is where plaintiff brought an action for tort but no federal question is even indirectly raised. In the case at bar there is a federal question. This is very important. In Levering & Garrigues Co. et al. v. Morrin et al., 2 Cir., 61 F.2d 115 a similar action was brought and two federal questions actually raised. However, in the Levering case by the time the issue of jurisdiction came before the court of appeals one federal question had seemingly been abandoned and the other alleging a conspiracy to prevent plaintiff from working (as here) had been already decided by a Master, but against plaintiff. It is apparent therefore to this court that from the present status of this law, we must come to three conclusions:

First, the union may be sued as such;

Second, if an action of tort is the only question raised against the union, then the citizenship of all members of the union must be different from that of each party plaintiff; (Russell supra) and

Third, that where action is against the union and there is a federal right involved, it cannot be of such a frivolous nature as seemingly injected solely for the purpose of acquiring jurisdiction. (Levering supra) There must be a meritorious federal question otherwise the whole case falls.

But this court is not now convinced that all avenues of approach on this debatable issue have been exhausted and it must not be taken for granted that denial of defendants' motions determines in any way the merits of the action itself. The holding merely means that this court believes that plaintiffs have established a primary right to be heard in this forum.

In rendering this decision at this time the court deems it advisable to add the following. The issue herein was submitted to this tribunal only within the last thirty days. Since that time there have been many world changes which may or may not control the desire of the parties to pursue the matter further, at least not immediately. The United States is admittedly facing an emergency. All worthy Americans are motivated now by a desire to promote public defense and the possible injection of disturbance, disruption, or disputes in or out of courts or before boards is being rather generally discouraged. Since this opinion was first dictated the Ford Motor Car Company in labor troubles of which basis for this entire action had its genesis has now signed a contract with one defendant of such a nature as to control the working status of both plaintiffs. In this connection therefore the court believes that perhaps all the parties, sensing as they must the possibilities of a vigorously contested trial as a breeding ground for further discord, might not care to disrupt the present status quo.

In addition, the government of Russia, fount of Communism, and from which came the ideologies, tactics and modus operandi of the other defendant, has now declared war upon Germany and is an ally of uncertain proximity to the United States, at least on paper. This, of course, does not mean that the United States of America has embraced Communism, but for the time being Nazism seems to be our public enemy No. 1 and the entrance of public enemy No. 2 on our side, even temporarily, was not entirely unwelcome.

We cite both the above situations however not as controlling any rights of the

parties to proceed in this court, but merely as a possible suggestion on the desirability of further action at this time.

It is in short an invitation that the parties may conclude that further activity, necessity or advisability of proceeding today might not be desirable.

We deny the motion herein discussed and all other motions except #4 and #5 of the brief where defendants have expressed a desire to take testimony if necessary. We are not passing upon those motions. We believe that in general the bill of complaint is sufficient.