Julio SCIOVILLE, Plaintiff,

v.

INTERNATIONAL UNION OF ELECTRICAL RADIO & MACHINE WORKERS, AFL–CIO, Defendant.

Juan B. EMMANUELLI, Plaintiff,

v.

INTERNATIONAL UNION OF ELECTRICAL RADIO & MACHINE WORKERS, AFL–CIO, Defendant.

Civ. Nos. 67–63, 68–63.

United States District Court
D. Puerto Rico,
San Juan Division.

May 10, 1963.

---

Victor M. Bosch, San Juan, P. R., for plaintiffs.

George L. Weasler, Santurce, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

These two actions were removed to this Court on the alleged basis of diversity.

Plaintiffs have moved to remand contending that no diversity is present because each of them is a citizen of the Commonwealth of Puerto Rico and that the common defendant, an unincorporated labor organization, has not any citizenship by itself, its status as a citizen being exclusively governed by the citizenship of its individual members most of which are, like the plaintiffs, citizens of the Commonwealth of Puerto Rico.

The cases cited by plaintiffs to sustain their contention amply support their position.

Russell v. Central Labor Union et al. (D.C.E.D.Illinois 1924), 1 F.2d 412 was an action by an individual against a labor organization and other parties to recover damages for an alleged tort. On demurrer in which the Court's jurisdiction was challenged, the Court held that though the defendant union was a voluntary organization and as a labor union was invested with such legal entity as to be suable, it did not possess the attributes of citizenship, apart and separate from its members, to the extent that such citizenship may be invoked as a ground for jurisdiction of the United States court on the ground of diversity of citizenship.

To the same effect are the majority opinion, voiced by Judge Learned Hand in Ex parte Edelstein (2 Cir., 1929) 30 F.2d 636, and Judge Swan's opinion in Levering & Garrigues Co. v. Morrin, (2 Cir., 1932) 61 F.2d 115.

Defendant's attorney has not cited in his memorandum any cases which would sustain an opposite holding. Indeed, said memorandum is seemingly in agreement with plaintiffs contention on the subject.

Therefore the petitions to remand must be, and hereby are, granted.

The Clerk is directed to mail a certified copy of this order to the Clerk of the Superior Court of Puerto Rico, Bayamón Part, whence these actions were removed to this Court.