**ROSENDALE et al. v. PHILLIPS et al.**

No. 281.

Circuit Court of Appeals, Second Circuit.

Jan. 22, 1937.

Frederick E. Goldsmith and Louis E. Felix, both of New York City, for appellants.

William L. Standard, of New York City, for appellees.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The order appealed from must be reversed and the bill dismissed for lack of jurisdiction. The bill of complaint is wholly devoid of jurisdictional allegations. It is brought by the Marine Firemen's Oilers' and Watertenders' Union of the Atlantic and Gulf, an unincorporated membership association, and certain of its officers and members, as plaintiffs, against other members of the union, as defendants. There is no allegation that all the plaintiffs are of different citizenship than all the defendants, nor is there any allegation as to the amount involved. On the argument before this court it was conceded that some of the members of the plaintiff union were citizens of the same state as some of the defendants. This excludes the possibility of basing jurisdiction on diverse citizenship, and there can be no other ground. Levering & Garrigues Co. v. Morrin, 61. F.(2d) 115 (C.C.A.2), cited with apparent approval in Puerto Rico v. Russell & Co., 288 U.S. 476, 480, 53 S.Ct. 447, 448, 77 L.Ed. 903; Ex parte Edelstein, 30 F.(2d) 636 (C.C.A. 2), certiorari denied Edelstein v. Goddard, 279 U.S. 851, 49 S.Ct. 347, 73 L.Ed. 994. Hence no amendment of the complaint could cure its defective allegations. The decree must be reversed and the complaint dismissed for want of jurisdiction. It is so ordered.