## GREEN v. GRAVATT et al.
### No. 882 Civil.

District Court, W. D. Pennsylvania.

Sept. 12, 1940.

Charlton Ogburn, of Washington, D. C., and David M. Harrison, of Pittsburgh, Pa., for plaintiff.

Benjamin C. Sigal, of Pittsburgh, Pa., for defendants.

McVICAR, District Judge.

This case is before the court now on the motion of the defendants to dismiss the plaintiff's bill of complaint. The first reason assigned in support of that motion is: "Upon the facts stated in the complaint this court has no jurisdiction of said action because the requisite diversity of citizenship is not shown to exist."

The parties to this action, as set forth in the caption, are as follows: "William Green, individually and as President and a representative of, and on behalf of the officers and members of the American Federation of Labor, an unincorporated association, Plaintiff, vs. W. B. Gravatt, individually and as former President of Aluminum Workers Union No. 18356, formerly an unincorporated association; John Haser, individually and as former Vice President of said Union; Mary M. Peli, individually and as former Financial Secretary of said Union; Walter Pasnich, individually and as former Recording Secretary of said Union, George Hobaugh, individually and as former treasurer of said Union; Anthony Jasinski, individually and as former Guide of said Union; Edward Troutman, individually and as former Guardian of said Union; Nick Zonorich, Louis Petrigni and Thomas Davis, individually and as former Trustees of said Union and other former officers or former members of said Union as may be necessary to be made defendants herein, and as representatives of all of the former members of the said former Union, and Local No. 2, International Union, Aluminum Workers of America, an unincorporated association, and A. F. Daugenbaugh, President or for-

mer President of said Union, and International Union, Aluminum Workers of America, an unincorporated association, and Nick Zonorich, as President or former President of said Union, and Philip Murray and John Brophy, individually and as Officers and Directors of the Committee for Industrial Organization, an unincorporated association, and Committee for Industrial Organization, an unincorporated association, now known as Congress of Industrial Organizations, Defendants."

The allegation of citizenship, as set forth in the amended bill of complaint, is: "The plaintiff, William Green, is a citizen of the State of Ohio; the individual defendants are all citizens of the State of Pennsylvania, residing in the Western District thereof." There is no allegation in the complaint of the citizenship of the unincorporated associations that are made parties defendant.

Jurisdiction is invoked by plaintiffs under Section 24(1) of the Judicial Code, 28 U. S.C.A. § 41(1), as amended, which reads:

"The District Courts shall have original jurisdiction as follows:

"(1). First. Of all suits of a civil nature, at common law or in equity * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and * * * (b) is between citizens of different States * * *."

In Dobie on Federal Procedure, Page 220, it is stated: "When the jurisdiction of the District Court is invoked on the ground of diverse citizenship, the requisite diversity of citizenship must appear clearly, not inferentially or argumentatively, on the record. When this does not appear from the plaintiff's pleading, the suit should be dismissed, unless the plaintiff makes the requisite showing by amendment * * *."

In Osthaus v. Button et al., 3 Cir., 70 F. 2d 392, 393, in the opinion of the Court, it is stated: "Federal courts do not have jurisdiction on the ground of diversity of citizenship unless that diversity exists between all the plaintiffs, on the one hand, and all the defendants, on the other, at the time suit is instituted."

Actions by an unincorporated labor union may be brought in the name of the unincorporated association and such actions may be brought also against such an association in its unincorporated name. The actual citizenship of the individual members of an unincorporated labor as-

sociation is determinative. United Mine Workers v. Coronado Coal Co., 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762, and Levering & Garrigues Co. et al. v. Morrin et al., 2 Cir., 61 F.2d 115, 118. In the latter case it is stated:

"In Russell v. Central Labor Union (D. C., E.D.Ill.), 1 F.(2d) 412, it was held that despite the Coronado Case, for purposes of federal jurisdiction the actual citizenship of the individual members of an unincorporated labor association was determinative; and this court held the same in Ex parte Edelstein [2 Cir.] 30 F.(2d) 636, certiorari denied 279 U.S. 851, 49 S.Ct. 347, 73 L.Ed. 994; 42 Harv.L.Rev. 1079. See, also, Irving v. Joint District Council (C.C. N.Y.), 180 F. 896, 898; Wise v. Brotherhood of Locomotive Firemen and Enginemen [8 Cir.] 252 F. 961, 965; 34 Yale L. J. 564; 38 Harv.L.Rev. 510; 5 Col.L.Rev. 246; 19 Ill.L.Rev. 596. We are not disposed to reverse our ruling in Ex parte Edelstein. * * *

"For the foregoing reasons we conclude that jurisdiction must depend on diverse citizenship, and that, while the allegations as to this were sufficient with respect to the individual defendants, they were insufficient as to the defendant labor unions."

The United States Supreme Court granted certiorari in this case limited to the question of federal jurisdiction other than questions relating to diversity of citizenship, 289 U.S. 103, 105, 53 S.Ct. 549, 77 L.Ed. 1062.

■ In the complaint before the court, the plaintiff is a citizen of the State of Ohio; the individual defendants are all citizens of the State of Pennsylvania. There is no averment of the citizenship of the parties defendant who are unincorporated associations. The averment of citizenship of parties defendant is limited to the individual defendants. The complaint, therefore, fails to disclose that there is a diversity of citizenship between the plaintiff and all of the defendants. The first reason in support of the motion to dismiss is, therefore, sustained. It is not necessary to discuss the other reasons in support of said motion. Let an order be prepared and submitted in accordance with this opinion.

This action is also before us on a motion for an injunction filed by the defendants to restrain the prosecution thereof until a like action in the District Court of the United States for the District of Columbia has been prosecuted to final judgment, or otherwise disposed of.

It appears from an examination of the record, that the parties and the issues are substantially the same in both cases. Some additional relief of a minor character is prayed for in the present action which was not sought in the District of Columbia action. There was a general prayer for relief in that case. The District of Columbia action was brought and was pending before the present action was brought.

Under the reasoning and the authorities cited in Milwaukee Gas Specialty Co. v. Mercoid Corporation, 7 Cir., 104 F.2d 589, defendants are entitled to a stay of proceedings in the present action until the action in the District of Columbia has been disposed of; however, it is not necessary to decide this motion by reason of the disposition made of the motion to dismiss.