## GREEN v. GRAVATT et al.

### No. 882.

District Court, W. D. Pennsylvania.

Nov. 1, 1940.

Charlton Ogburn, of New York City, and David M. Harrison, of Pittsburgh, Pa., for plaintiff.

Benjamin C. Sigal, of Pittsburgh, Pa., for defendants.

McVICAR, District Judge.

Defendants filed a motion to dismiss plaintiff's bill of complaint and alleged in support thereof several reasons. The court, in an opinion, D.C., 34 F.Supp. 832, filed September 12, 1940, sustained defendant's motion as to the first reason, namely, that the complaint did not show the requisite diversity of citizenship between all parties plaintiff and all parties defendant. The defendants, also, filed a motion prior to said opinion, wherein it was prayed that proceedings in the present action be stayed until a like action in the District Court of the United States for the District of Columbia be prosecuted to final judgment or otherwise disposed of. In the opinion, aforesaid, the court held that the defendant was entitled to have the latter motion granted but made no order thereon by reason of the court having sustained the defendant's motion to dismiss. Since the filing of said opinion, plaintiff has filed a motion wherein he moves to strike out as parties defendant, the unincorporated associations named as defendants. This motion was set down for hearing and was heard; also, a rehearing was held on the motion to stay proceedings in the action pending in the District Court of the United States for the District of Columbia. We will now consider said motion to stay.

April 11, 1938, William Green, individually and as president and on behalf of the officers and members of the American Federation of Labor, an unincorporated association; Frank Morrison, individually and as secretary and treasurer and on behalf of the same persons of the American Federation of Labor and the American Federation of Labor, filed a complaint against John Brophy, individually and as director of the Committee for Industrial Organization, an unincorporated association; John L. Lewis, individually and as chairman for the same committee, and the Committee for Industrial Organization in

the United States District Court for the District of Columbia. The court held in said action, that certain indispensable parties were not parties thereto. Amendments to the complaint were filed November 14, 1938, and February 9, 1940, naming additional defendants who were sued individually and as officers of the Aluminum Workers Union No. 18356, an unincorporated association, an individual in his individual capacity and as president of Local No. 2 International Aluminum Workers of America, an unincorporated association, and a person named individually and as president of the International Union, Aluminum Workers of America. Said action is based on allegations that the Aluminum Workers Union No. 18356, while affiliated with the American Federation of Labor, improperly transferred to the Committee for Industrial Organization $29,212.72; that said union had been expelled by the American Federation of Labor because of said transfer and by reason of its failure to pay a per capita tax in accordance with the constitution of the American Federation of Labor, and that as a result, the American Federation of Labor became entitled to. the funds of said union No. 18356. In the complaint, it is prayed that defendants make restitution by paying to the American Federation of Labor the said sum of $29,212.72 and for other and further relief as the nature of the case requires.

A summons issued in said action against the persons named as indispensable parties. A return of n. e. i. was made. Constructive service by publication, as authorized by statute, has not yet been made on said parties.

The present action was brought May 6, 1940. It appears from an examination of the record in this action, and in the action pending in the District of Columbia, that the parties and issues are substantially the same in both actions. Some additional relief of a minor character is specifically prayed for in the present action which is not sought in the District of Columbia action, but in the District of Columbia action, there is a general prayer for relief.

In Milwaukee Gas Specialty Co. v. Mercoid Corporation, 7 Cir., 104 F.2d 589, 592, it appears that on June 13, 1938, the Mercoid Corporation filed in the United States Court for the Eastern District of Wisconsin, its petition for declaratory decree, alleging that the Milwaukee Gas Specialty Company, defendant, had wrongfully charged the Mercoid Corporation with infringement of the patent involved and prayed the court to decide whether the patent was valid, and if so, whether it was infringed by the Mercoid Corporation.

June 29, 1938, the Milwaukee Gas Specialty Company sued the Mercoid Corporation for infringement of the same patent in the United States District Court for the Northern District of Illinois. The issues in the action in Wisconsin and the action in Illinois were the same except as to the claim for damages. The Mercoid Corporation, in the Illinois action, filed a motion for a temporary injunction restraining the Milwaukee Gas and Specialty Company from prosecuting the Illinois action pending final determination of the action in Wisconsin. This order was refused by the United States Court for the Northern District of Illinois, and from that order an appeal was taken. The Circuit Court of Appeals, in its opinion, stated: "* * * the settled rule is that the jurisdiction becomes effective from the filing of the complaint."

It stated further: "The general rule is that the court first acquiring jurisdiction is entitled to maintain it until its duty is fully performed, and the jurisdiction involved is exhausted."

The court, in conclusion, stated: "We conclude, therefore, that the jurisdiction involved by the two suits was concurrent and since the petition in the Wisconsin district court was filed prior to the complaint in the instant case, the jurisdiction of the Wisconsin court first attached and the order of the Illinois district court must be reversed and the cause remanded for further proceedings not inconsistent with this opinion."

In Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 196, 55 S.Ct. 386, 389, 79 L.Ed. 850, it is stated: "But when the two suits have substantially the same purpose and the jurisdiction of the courts is concurrent, that one whose jurisdiction and process are first invoked by the filing of the bill is treated as in constructive possession of the property and as authorized to proceed with the cause. * * * Jurisdiction thus attaches upon the filing of the bill of complaint in court, at least where process subsequently issues in due course."

In Landis et al. v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.

Ed. 153, it is stated: "Viewing the problem as one of power, and of power only, we find ourselves unable to assent to the suggestion that before proceedings in one suit may be stayed to abide the proceedings in another, the parties to the two causes must be shown to be the same and the issues identical. * * * the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

The Judicial Code provides (Sec. 262; 28 U.S.C.A. § 377), that the United States courts "shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

In Moore's Federal Practice under the new Federal Rules, 1938, Vol. 1, page 236, it is stated: "If an in personam action is pending in one federal district court may another such action be brought in the same or another federal district court; and if so, could the pendency of the first action be pleaded in abatement in the second action? * * * The pendency of a prior pending action in the same federal court is ground for abatement of the second action * * * A federal court will enjoin the prosecution of a second action in personam in another federal court where it is inequitable for the party to proceed in the second court; but it will not do so unless the suits are substantially identical in subject-matter and issues."

■ The United States Court for the District of Columbia had jurisdiction of the action described in the original complaint filed therein from the time of the filing thereof; it had jurisdiction of the action described in the amended bills of complaint from the time of the filing thereof. To require the defendants to defend two actions, one in the United States District Court for the District of Columbia and the other in this court, would be a waste of time, effort and money for the defendants, and it would also constitute a waste of time and effort for this court. It will not create a hardship upon the plaintiff to require him to elect which action he will try. If he elects to try the action in the District of Columbia, then the proceedings here should be stayed until final judgment or the action there is otherwise disposed of. If plaintiff elects to proceed here, then he can have the action dismissed in the District of Columbia without prejudice.

■ Rule 12 (b) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, is not applicable to the motion to stay proceedings for the reason that the motion to stay proceedings is not a defense within the meaning of said rule. The Rules of Civil Procedure provide for many motions other than defenses. Rule 1 provides that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

Let an order be prepared and submitted in accordance with the foregoing opinion.

It will not be necessary to consider plaintiff's motion to amend its complaint during the pendency of the stay order referred to above.