**JAMES et al. v. INTERNATIONAL BROTH-ERHOOD OF BOILER MAKERS, IRON SHIP BUILDERS AND HELPERS OF AMERICA, et al.**

**GRIFFIN et al. v. SAME.**

**BROWNE et al. v. SAME.**

Nos. 22972, 22992, 22993.

District Court, N. D. California, S. D.

Jan. 6, 1944.

Andersen & Resner, of San Francisco, Cal., for plaintiffs.

George M. Naus and Charles J. Janigian, both of San Francisco, Cal., for defendants.

Before ROCHE, GOODMAN, and St. SURE, District Judges.

PER CURIAM.

Plaintiffs in each of the above-entitled actions seek an injunction to restrain defendant Brotherhood from compelling plaintiffs, who are all of the colored race, and others similarly situated, to join and pay dues in a subsidiary local labor union as a prerequisite for employment at the shipbuilding plant of Marinship Corporation, Sausalito, California, and for a declaratory judgment adjudging certain by-laws, alleged to be discriminatory as against plaintiffs and others similarly situated, to be contrary to public policy and void.

At the time of filing the complaint, upon the representation that pending formal hearing of the application for a permanent injunction it was necessary to preserve the status quo in order to prevent stoppage of shipbuilding, Judge St. Sure issued a temporary restraining order.

Defendants have moved to dismiss the complaints in the above-entitled actions for lack of jurisdiction. After argument and prior to the submission of the matters, it was stipulated that the motion to dismiss in the action of James et al. v. International Brotherhood of Boiler Makers et al., No. 22972-R, might be "considered and decided by the Hon. A. F. St. Sure, Hon. Michael J. Roche and Hon. Louis E. Goodman, United States District Court judges for the Northern District of California, sitting as a three-judge court, and that such motion shall be considered upon all the files and records in the case."

It was further stipulated that the decision in that case will constitute the decision on defendants' motions to dismiss in the cases of W. H. Griffin et al. v. International Brotherhood of Boiler Makers et al., No. 22992-R, and Earl C. Browne et al. v. International Brotherhood of Boiler Makers et al., No. 22993-S.

■ It appears that this court is without jurisdiction to determine the controversy involved in said actions. Plaintiffs' cause of action does not arise out of the provisions of the Federal Constitution or of any Federal Statute. "Nor does the plaintiff establish a basis for Federal jurisdiction by assertion of right under the Fifth Amendment. The Fifth Amendment relates but to governmental action, federal in character, not to action by private persons. * * * Private parties acting upon their own initiative and expressing their own will, however else they may offend and their acts give rise to justiciable controversies, do not thereby offend the guarantees of the Constitution." Teague v. Brotherhood of Locomotive Firemen and Enginemen et al., 6 Cir., 127 F.2d 53, 56; Corrigan v. Buckley, 271 U.S. 323, 46 S.Ct. 521, 70 L.Ed. 969; Talton v. Mayes, 163 U.S. 376, 16 S.Ct. 986, 41 L.Ed. 196. Therefore no Federal question is involved in said controversy.

■ It appears that defendant International Brotherhood is not a corporation but an unincorporated association; and while it has its headquarters and its principal place of business outside the State of California, it has a large membership in California. There is therefore no diversity of citizenship such as will clothe the court with jurisdiction. Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842; Russell v. Central Labor Union, D. C., 1 F.2d 412; Ex parte Edelstein, 2 Cir., 30 F.2d 636; Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115.

It is therefore ordered defendants' motions to dismiss in each of the above-entitled actions are granted.

GOODMAN, District Judge.

I concur in the order granting defendants' motions to dismiss. However I feel that it should be pointed out that the order is bottomed on neither narrow nor technical grounds. That Federal Courts should not assume jurisdiction, in its absence, is as important to the welfare of the people of the United States, under the Constitution, as is the determination of an appealing question vitally affecting certain rights of a large group of citizens. It is not for us to pick and choose, through the volume of litigation presented to us, the "nice" questions.

No matter how great the appeal of an issue to the conscience of the Court, a Federal Court may not step in, absent the jurisdictional prerequisites. Any other approach would result in the blind usurpation of power contrary to constitutional caveat and the best jurisprudential theory. "The duties of this court, to exercise jurisdiction where it is conferred, and not to usurp it where it is not conferred, are of equal obligation." Chief Justice Marshall in Bank of United States v. Deveaux, 5 Cranch. 61, at page 885, 3 L.Ed. 38.