STEIN v. BROTHERHOOD OF PAINTERS, DECORATORS AND PAPER HANGERS OF AMERICA et al.

No. C–8–50.

United States District Court, D. New Jersey.

Nov. 11, 1950.

Jacob Stein, Elizabeth, N. J., pro se.

Joseph P. Dunn, Newark, N. J., for defendants.

SMITH, District Judge.

This is a civil action in which the plaintiff seeks only injunctive relief against the defendants, a labor union and one of its many locals. The allegations of the complaint are ambiguous and it is therefore difficult to determine the exact nature of the relief here sought. The action is before the Court at this time on the motion of the defendants to dismiss the complaint for lack of jurisdiction.

We have examined the complaint in the light of the express provisions of the Fed-

154

eral Rules of Civil Procedure, rule 8(a), 28 U.S.C.A., which read as follows: "A pleading which sets forth a claim for relief, * * *, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled." The complaint fails to meet the requirements of this rule; in fact, its allegations are so ambiguous that it is difficult to determine on what ground the jurisdiction of the Court is invoked.

▬ The only defendants are The Brotherhood of Painters, Decorators and Paperhangers of America, and Local 1221, an affiliate. We assume that these defendants, like most labor unions, are unincorporated associations. They are suable in either the state or federal courts. N.J.S.A. 2:78-1 et seq., United Mine Workers v. Coronado Co., 259 U.S. 344, 385, et seq., 42 S.Ct. 570, 66 L.Ed. 975. They are suable in the federal courts, however, only if the jurisdictional requirements of the statute are present. 28 U.S.C.A. § 1331 et seq.

The quoted rule requires that the grounds of jurisdiction be stated. This was the rule prior to the adoption of the Federal Rules of Civil Procedure. Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339, 70 L. Ed. 682. It was held in the cited case: "The established rule is that a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." See also Norton v. Larney, 266 U.S. 511, 515, et seq., 45 S. Ct. 145, 69 L.Ed. 413. The complaint fails to meet this requirement; the jurisdictional grounds are not distinctly stated.

▬ It is obvious that the jurisdiction of the Court cannot rest on diversity of citizenship; this ground is neither stated in the complaint nor present. Each of the defendants is suable as a legal entity, but it does not follow that they may be sued in this court in the absence of the requisite diversity of citizenship. The requisite diversity of citizenship must be complete; the citizenship of the plaintiff and that of each of the defendants must be diverse.

▬▬ It is our opinion that the possibility of basing jurisdiction on diverse citizenship is excluded. The citizenship of the defendants, at least for the purposes of jurisdiction, is derivative; it is derived from the citizenship of the individual members. Russell v. Central Labor Union, D. C., 1 F.2d 412; Rosendale v. Phillips, 2 Cir., 87 F.2d 454; International Allied Printing Traders Ass'n v. Master Printers Union, D.C., 34 F.Supp. 178, 181; Green v. Gravatt, D.C., 34 F.Supp. 832, 833, et seq.; Philadelphia Local 192, etc. v. American Federation of Teachers, D.C., 44 F. Supp. 345, 347; James v. International Brotherhood of Boiler Makers, D.C., 54 F.Supp. 94, 95. It seems reasonable to assume that many of the members of the Local, one of the defendants, are citizens of New Jersey, as is the plaintiff. The requisite diversity of citizenship is therefore not present. If this were not the fact, the defect might be cured by amendment.

▬ There is no allegation that the action is one arising "under the Constitution, laws or treaties of the United States." 28 U.S.C.A. § 1331. We have, however, considered the allegations of the complaint in the light of this possibility. The factual allegations of the complaint will not support the jurisdiction of the Court on this ground. "An action so arises where an appropriate statement by the plaintiff, unaided by an anticipation or avoidance of defenses, shows that it actually and substantially involves a controversy respecting the validity, construction, or effect of an act of Congress upon the determination of which the result depends. *The statement of the facts upon which the existence of federal jurisdiction depends must affirmatively and distinctly appear in the plain-*

*tiff's complaint."* (Emphasis by the Court.) South Side Theatres v. United West Coast Theatres Corporation, 9 Cir., 178 F.2d 648, 649; see also Porter v. Bennison, 10 Cir., 180 F.2d 523, 525; Polhemus v. American Medical Ass'n, 10 Cir., 145 F.2d 357, 359. The complaint does not allege a federal question within the meaning of this rule.

The complaint is defective in that it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The averments are so argumentative and ambiguous that it is difficult to determine either the nature of the claim stated or the nature of the relief sought. The plaintiff apparently seeks a judicial review of the internal affairs of the defendants, but on what ground it is difficult for us to say.

The complaint will be dismissed but without prejudice to the right of the plaintiff to enforce his claim for relief and pursue his remedy in a court of competent jurisdiction. The attorney for the defendants will prepare and submit to the Court a proper order.