### AMERICAN NEWSPAPER GUILD v. MACKINNON et al.

#### Civ. No. 1992.

United States District Court
D. Utah, Central Division.
Nov. 13, 1952.

Woodrow D. White, Salt Lake City, Utah, and Graham & Scheunemann, Edward J. Scheunemann, Denver, Colo., for plaintiff.

William W. Ray and Athol Rawlins, Salt Lake City, Utah, for defendants.

KNOUS, District Judge.

██ This is an action to recover ·damages. for an alleged libel deprecating the American Newspaper Guild, an unincorporated association. Federal jurisdiction is asserted on the ground of alleged diversity ·of citizenship. The defendants are citizens and residents of the State of Utah and the libel was allegedly published in that state. The law of Utah, therefore, controls the features of this case which are outside the orbit of federal jurisprudence. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. ·817, 82 L.Ed. 1188.

██ The defendants have filed a motion ·to dismiss the complaint. One ground for the motion is that the plaintiff, being an ·unincorporated association, cannot maintain the action in its own name. The argument in support of this position is ·grounded in Rule 17(b), F.R.C.P., 28 U. S.C.A., which, so far as is material here, provides the following:

" * * * capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such ·capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States * * *."

Under the rule, an unincorporated asso·ciation must thus meet one of two possible requirements in order to merit ·consideration as a party in a given federal court. It must either have been bestowed capacity ·to sue or be sued by the state in which the action is lodged, or the suit must contemplate the enforcement of a substantive right existing under the constitution or laws of the United States.

██ Cases in which the second requirement was held to have been met involved such matters as the War Labor Disputes Act, 50 U.S.C.A.Appendix, § 1501 et seq., Thermoid Co. v. United Rubber Workers of America, D.C., 70 F.Supp. 228; the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., Schmidt v. Peoples' Telephone Union of Maryville, Mo., 8 Cir., 138 F.2d 13; the Patent Laws, Sperry Products v. Association of ·American Railroads, D.C., 44 F.· Supp. 660; the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, United Brick & Clay Workers v. Robinson Clay ͬProduct Co., D.C.; 64 F.Supp. 872; the Labor Management Relations Act, 29 U.S.C.A. § 141 et seq., Wilson. & Co. v. United Packinghouse Workers of America, D.C., 83·F. Supp. 162, and actions involving constitutional rights; Alston v. School Board, etc., 4 Cir., 112 F.2d 992, 130 A.L.R. 1506; United Electric Radio & Mach. Workers, etc. v. Baldwin, D.C., 67 F.Supp. 235. It does not require extensive elaboration to arrive at the indisputable conclusion that the claim for relief which is advanced in this case is totally devoid of even the remotest ·contact with substantive federal jurisprudence. The American Newspaper Guild's capacity as a party plaintiff is, therefore, entirely dependent on the law of Utah.

██ The· general common law rule is that an unincorporated association has no legal entity aside from its members and has, therefore, no standing and no capacity as a party litigant in its own name. Moffat Tunnell League v. United States, 289 U.S. 113, 53 S.Ct. 543, 77 L.Ed. 1069; Cox v. Government Employees Ins. Co., 6 Cir., 126 F.2d 254; Kingsley v. Amalgamated Meat Cutters, etc., 323 Ill.App. 353, 55 N.E.2d 554. While the law of Utah includes enabling legislation, which confers upon an unincorporated association sufficient status to be sued in its own name as a party defendant, U.C.A.1943, 104–3–26, it includes no provision and no authority permitting such an association to institute an action in its own name as a party plaintiff. It has been held repeatedly that statutes which au-

thorize suits against an association in its common or associate name do not confer a mutual or reciprocal privilege permitting such associations to institute litigation in their own name. St. Paul Typothetae v. St. Paul Bookbinders' Union, 94 Minn. 351, 102 N.W. 725; Kline v. Knights of the Golden Eagle, 113 N.J.Eq. 513, 167 A. 758; Newton County Farmers & Fruit Growers' Exchange v. Kansas City Southern Ry. Co., Mo.App., 2 S.W.2d 125; 7 C.J.S., Associations, p. 85.

The plaintiff urges that this court adopt the rule announced in Busby v. Electric Utilities Employees Union, 79 U.S.App.D.C. 336, 147 F.2d 865. In that case, the Court of Appeals for the District of Columbia held that an unincorporated trade union had, in view of its power, influence, size, activities, purposes and aims, capacity to sue and be sued, irrespective of enabling legislation. By urging this decision as precedent in the light of the controlling law of Utah, the plaintiff failed to consider a vital function of the federal courts in the District of Columbia as distinguished from the duties incumbent upon this tribunal. This Court's jurisdiction is limited and it must resolve the question under consideration according to the law of the forum. The Court of Appeals for the District of Columbia, on the other hand, acted in the capacity of a state appellate court when it decided the Busby case. It was bound only by its own precedent and by its sense of justice. If this Court were to adopt and follow the rule of the Busby case, it would. in effect, usurp the functions of either the judicial or legislative bodies of the State of Utah. It would, for purposes of this case, change the existing law of that state.

■ Yet, even if this were done and this Court were to branch away from the state rule which binds it, the plaintiff association, would reap scant comfort. An unincorporated association cannot maintain an action in the federal court of a state which has enabled such an association to sue and be sued, if federal jurisdiction depends on diversity of citizenship, unless it appears from the complaint that diversity exists as between all the members of the association and the opposing party. One learned au-

thor has stated this rule with reference to the previously-quoted Rule 17(b), F.R.C.P., as follows:

"* * * But as a practical matter * * * the practice actually sanctioned by the first clause, is of little concern in the federal courts until certain established theories of jurisdiction undergo change,—matters which the rules do not touch. The 'except' clause takes care of actions where jurisdiction is based upon a federal right: here there is capacity to sue or be sued, and there is no trouble of founding federal jurisdiction. But in cases where jurisdiction is founded on diversity of citizenship it is held that, although capacity has been accorded the unincorporated association to sue or be sued in its common name, the citizenship of the individual members must, nevertheless, be made to appear, and their citizenship must be wholly diverse from that of the opposing party or parties. Thus although a partnership or other unincorporated association may have capacity to sue or be sued by the law of the state in which the federal court is held, and hence has such capacity in the federal courts held therein, in most cases federal jurisdiction cannot be made to appear if the basis therefor is diversity." 3 Moore's Federal Practice, 2d ed., § 18.-25.

See also: Thomas v. Board of Trustees, etc., 195 U.S. 207, 25 S.Ct. 24, 49 L.Ed. 160; Russell v. Central Labor Union, D.C., 1 F.2d 412; Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115; Rosendale v. Phillips, 2 Cir., 87 F.2d 454; International Allied Printing Trades Association v. Master Printers Union, D.C., 34 F.Supp. 178; Green v. Gravatt, D.C., 34 F.Supp. 832; Bartling v. C. I. O., D.C., 40 F.Supp. 366; James v. International Brotherhood of Boiler Makers, etc., D.C., 54 F.Supp. 94.

■ The plaintiff insists that irrespective of the foregoing considerations, this suit may be maintained as a class action, under Rule 23, F.R.C.P. The Court does not find it necessary to express an opinion about this contention and leaves it unde-

cided, in view of the fact that the suit was not commenced as a class action. True, the body of the complaint recites that the plaintiff association has 25,000 members; that one Ralph B. Novak is its Secretary-Treasurer; that it is impracticable to bring the entire membership before the court; and that Novak will insure the adequate representation of all and brings this action on behalf of all the members. However, the fact remains that this lawsuit was instituted, not by Novak, but by the American Newspaper Guild in its own name. Novak is not before the Court; the Guild is. Any relief that might be granted would not run to Novak, but to the Guild. And the Guild, as has been pointed out, does not have capacity to maintain this action.

In addition, it might be mentioned that even if Novak could be considered a party plaintiff, the complaint would have to be dismissed on jurisdictional grounds since it is devoid of any allegation of diversity of citizenship as between Novak and the defendants. It is, therefore,

Ordered and adjudged that the complaint be and the same is hereby dismissed.