**AIR LINE DISPATCHERS ASSOCIATION, A. F. of L., et al., Plaintiffs,**

v.

**CALIFORNIA EASTERN AIRWAYS, Inc., et al., Defendants.**

**No. 33772.**

United States District Court,
N. D. California, S. D.

Dec. 15, 1954.

James F. Galliano, Oakland, Cal., for plaintiffs.

Cooper, White & Cooper, San Francisco, Cal., for defendant.

MURPHY, District Judge.

Defendant moves to dismiss the complaint for lack of jurisdiction; to dismiss or stay the action so that arbitration and adjustment proceedings can be had; for a more definite statement and to quash or to limit certain depositions heretofore noticed by plaintiff.

The plaintiffs are two former employees of the defendant airline and a voluntary unincorporated international labor organization who bring this action on behalf of themselves and for thirteen other discharged employees of defendant company. The plaintiffs allege that this class action is brought because "there are common questions of law and fact affecting the several rights of the plaintiffs herein and a common relief is herein sought on their behalf".

The complaint alleges the existence of a collective bargaining agreement entered into between the defendant company and the fifteen discharged flight dispatchers represented by the plaintiff union. It alleges that the defendant during January of 1954 contracted with another airline to perform its dispatching services. The fifteen employee dispatchers were discharged. Each of the fifteen were receiving "a monthly salary of over $500.00 per month" and as a result of the subcontracting of the dispatch service the "fifteen dispatch employees have been and continue to be deprived of their salaries amounting to $7,500.00 per month for the months of February, March, April, May of 1954 and continuing". The collective bargaining agreement was effective on September 1, 1952 to be effective for one year and was to be "automatically renewed under the same terms and conditions for consecutive yearly periods thereafter. Either party desiring to amend or modify any provision of the agreement shall serve 30 day notice preceding September 1st of any year".

Plaintiffs pray for a mandatory injunction requiring defendant to reemploy the fifteen discharged dispatchers and for a money judgment.

The problem of jurisdiction is fundamental. The plaintiffs assert two alternate bases of jurisdiction: (1) that the action arises under an Act of Congress regulating commerce—the Railway Labor Act, made applicable to airline employees by 45 U.S.C.A. §§ 181–188; and, (2) Diversity of citizenship. I shall take these up in order:

## Federal Question

█ Portions of the Railway Labor Act, 45 U.S.C.A. §§ 151, 152, 154, 163, enjoin upon the owners and their employees the duty to *make* and *maintain* agreements covering rates of pay, rules and working conditions. But a suit to enforce a right which has its origin in the laws of the United States is not for that reason alone within the federal jurisdiction. For suit to "arise under Act of Congress" it must involve a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends. Shultis v. McDougal, 1912, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205; Gully v. First National Bank, 1936, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Marshall v. Desert Properties, 9 Cir., 1939, 103 F.2d 551.

█ The complaint here alleges a breach of the agreement. The employment and the agreement may have been inspired by the Act but the right of action does not arise from the Act but only from the consequent contractual relations of the parties. Such a breach does not confer jurisdiction upon the Federal Court. Barnhart v. Western Maryland Ry. Co., 4 Cir., 1942, 128 F.2d 709; Strawser v. Reading Co., D.C.E.D. Pa.1948, 80 F.Supp. 455; Hayes v. Union Pac. R. Co., 9 Cir., 1950, 184 F. 2d 337, affirming D.C.N.D.Cal.1950, 88 F.Supp. 108; Starke v. New York, Chicago & St. Louis R. Co., 7 Cir., 1950, 180 F.2d 569; Burke v. Union Pac. R. Co., 10 Cir., 1942, 129 F.2d 844.

I am aware that many of these cases buttress this conclusion on the fact that Congress has established appropriate tribunals, other than the Federal Courts, in which relief from breaches of performance of collective bargaining agreements can be had. See e. g. Hayes v. Union Pac. R. Co., supra; Starke v. New York, Chicago & St. Louis R. Co., supra, 180 F.2d at pages 572–573; Strawser v. Reading Co., supra.

These other remedies are presently unavailable to airline employees. But the dispute either arises under the Act or it does not. The existence of other remedies goes to the point that Congress did not confer Federal jurisdiction over these breaches within the four corners of the Railway Labor Act itself. I find nothing in the Act extending the coverage of the Railway Labor Act to airline employees which would indicate that Congress intended by that Act to confer jurisdiction over this type of breach.

## Diversity of Citizenship

█ The complaint alleges that the plaintiff Union has its principal office in the State of Virginia, that the individual plaintiffs are all citizens of California and that the defendant corporation is organized under and by virtue of the laws of the State of Delaware. As I construe this, the reference to the individual plaintiffs refers to the two dispatchers who bring this action.

The Union must be dismissed as a party for two reasons. First, assuming the validity of bringing a class action here, i. e., that there are common questions of law and fact affecting the rights of the members of the class, Rule 23(a) (3) F.R.C.P., 28 U.S.C., the Union is not one of such parties. It was not discharged nor does it seek any relief for itself. It certainly has an interest in seeing that collective bargaining agreements in which it is the employee's representative are upheld. But that interest is not the right asserted here. The class is asking a remedy for wrongful discharges.

The Union was not given the right to sue employers for breach of employment contracts by the Taft-Hartley Act, 29 U.S.C.A. § 158(b). That right is limited

to sue an "employer" as that word is defined in that Act. The definition excludes those employers covered by the Railway Labor Act, 29 U.S.C.A. § 152 (2). In short, the Union is not a member of the class suing.

■ Secondly, requisite diversity of the Union is not alleged. Although in class actions, the inquiry as to the citizenship of the members of the class stops with the parties who bring the suit, Supreme Tribe of Ben Hur v. Cauble, 1921, 255 U.S. 356, 41 S.Ct. 338, 65 L. Ed. 673; 3 Moore's Federal Practice, par. 23.13; Barron & Holtzoff, Federal Practice & Procedure, Sec. 569, the citizenship of an unincorporated association is determined by the citizenship of its members. American Newspaper Guild v. Mackinnon, D.C.D.Utah 1952, 108 F.Supp. 312; Stein v. Brotherhood of Painters, Decorators and Paper Hangers of America, D.C.D.N.J.1950, 11 F.R.D. 153; International Allied Printing Trades Ass'n v. Master Printers Union, D.C.D.N.J.1940, 34 F.Supp. 178; 3 Moore's Federal Practice, par. 17.25. This has not been shown.

■ The type of class action involved here comes into being by virtue of Rule 23(a) (3). There is no joint common or secondary right involved, Rule 23(a) (1). Neither will the adjudication affect any specific property, Rule 23(a) (2). Each discharged employee is suing for the breach of a contract entered into between him and the company which is covered by the collective bargaining agreement entered into between the employer and the employees, represented by the union. Each member of the class asks for separate relief running to him alone. The complaint alleges as grounds for the class action, the requirements under Rule 23(a) (3) alone.

I believe that on the face of the complaint a proper class action under Rule 23(a) (3) is alleged. The two individual discharged plaintiffs represent the class. Although the cause of each discharge is not specifically alleged it appears that all were discharged in a group when the defendant subcontracted its dispatching service. There appear to be common questions of law and fact involved in each member's claim to reemployment and back pay.

Although I believe this to be a proper class action, it must be dismissed for lack of jurisdiction. The requisite amount in controversy has not been alleged.

■■ In class actions covered by Rule 23(a) (3)—characterized by the word coiners as a spurious class action—aggregation of the amount in controversy is not allowed for purpose of showing jurisdiction. Each member of the class must show that his separate claim involves more than $3,000. Pinel v. Pinel, 1916, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Moore's Federal Practice, par. 23.13; Barron and Holtzoff, Federal Practice & Procedure, sec. 569. That has not been alleged here as to any member of the class.

■■ Although the amount in controversy must be judged by the value of the remedy prayed for by the mandatory injunction in addition to the monetary relief prayed for, my computation of the amount from the facts alleged, does not show that $3,000 is involved as to each. The amount involved is the sum of (a) the damage caused by discharge; (b) the value of the continued employment. Although the complaint alleges each dispatcher was receiving over $500 per month in pay, the damage is not alleged to be this amount nor would it be. The damage would be the amount of salary lost minus the amount of money received from other employment after discharge. I take it that all the members of the class are not now, and have not been unemployed since their discharge.

■ The value of the right to continued employment covered by the contract would extend only to September 1, 1954 when by its terms the contract could be renegotiated at the request of the defendant.

The sum total of all this is that the continued employment for each would have extended for some seven months at $500 per month or $3,500, less the amount earned from other employment for this same seven month period. For certain members of the class this may exceed $3,000, but I cannot glean it from the complaint. Neither do I think it likely.

The complaint must be dismissed for lack of jurisdiction but with leave to amend to show the requisite jurisdiction. The other motions are moot.