Jack ROBERTSON, as President of Flight Engineers' International Association EAL Chapter, AFL/CIO, an unincorporated association, Plaintiff,

v.

EASTERN AIR LINES, INC., Defendant.

United States District Court
S. D. New York.
Aug. 14, 1963.

Daniel Kornblum, New York City, for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant.

COOPER, District Judge.

This is a motion pursuant to 28 U.S.C.A. § 1447 to remand the action to the Supreme Court, State of New York, County of New York. Plaintiff contends that it was improvidently removed.

The underlying action is for monies had and received by defendant, Eastern Air Lines, Inc. (hereinafter Eastern), pursuant to an agreement (entitled Memorandum of Understanding) entered into between Eastern and Flight Engineers' International Association, EAL Chapter, AFL/CIO (hereinafter Union).

The Memorandum of Understanding provided in part for a "check-off" system under which Eastern would deduct the Union dues from the salaries of those flight engineers who had executed the proper check-off authorization. Eastern was then to remit this money to the Union. Since July 1962, Eastern has refused to do so, although it has continued to deduct the dues pursuant to the check-off authorization.

The Union, through its President, instituted this action in New York State Supreme Court for $30,000.00, the amount it claims was deducted by Eastern but not remitted to the Union pursuant to the Memorandum of Understanding.

Eastern thereafter, on May 29, 1963, filed a Petition for Removal in this Court on the basis of 28 U.S.C.A. § 1441, claiming that this Court had original jurisdiction of the action under 28 U.S.C.A. § 1331 and/or § 1337.

Sec. 1441 provides in relevant part that:

> "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenships or residence of the parties."

The parties to the instant action are in agreement that diversity of citizenship is lacking and jurisdiction of this court cannot be predicated upon that ground. Defendant contends that this court had original jurisdiction of the matter, pursuant to Sec. 1337, since the action was one " * * * arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies" and Sec. 1331 which provides for original jurisdiction " * * * of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

Eastern claims that the Memorandum of Understanding is governed by the Railway Labor Act, 45 U.S.C.A. § 151 et seq. and as such this action is "founded upon a claim or right arising under" a law of the United States, to wit, the Railway Labor Act.

Section 2, Eleventh, of the Railway Labor Act (45 U.S.C.A. 152 (Eleventh)) allows a carrier and a Union to enter into a Union Shop agreement providing for a check-off system of dues payments to the Union. Such was the agreement

entered into here. Eastern contends that since the agreement was founded upon the Railway Labor Act, any claim made on the agreement arises under the Act and therefore this Court has original jurisdiction.

■ It is clear that a controversy under federal law must be present in the complaint. It is not sufficient to give this court jurisdiction if the federal question arises by way of defense, or even in anticipation of a defense. Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); Debevoise v. Rutland Ry. Corp., 291 F. 2d 379 (2d Cir., 1961), cert. denied 368 U.S. 876, 82 S.Ct. 123, 7 L.Ed.2d 77 (1961); Hart & Wechsler, The Federal Courts and the Federal System, p. 763.

■ Union in the instant action seeks only the monies received by Eastern pursuant to the Memorandum of Understanding. It in no way challenges the validity of the agreement; its suit predicated upon non-compliance with the terms of a contract. The Railway Labor Act does not prescribe such a contract; it merely permits the making of such an agreement.

The answer is found in Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Gully, the Tax Collector for Mississippi, sued the defendant, a national bank, in state court to recover a money judgment for unpaid state taxes. The taxes had been assessed upon the shares of another national bank, the assets and liabilities of which had been assumed by the defendant under a contract. The action was removed to the federal court on the ground that it arose under federal law, since a federal statute allowed the states to levy taxes upon the shares of national banks. The Supreme Court reversed the denial of a motion to remand and for dismissal of the suit, holding that there was no federal jurisdiction.

Mr. Justice Cardozo, speaking for a unanimous court, said at page 112 of 299 U.S., at page 97 of 57 S.Ct., 81 L.Ed. 70:

"How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. (citations omitted). The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another."

There is no right or immunity granted by the Railway Labor Act affecting plaintiff's claim. Apparently, Eastern contends that certain actions taken by Union after the agreement was entered into renders it invalid under the Railway Labor Act. But this is a defense to the action, and can not confer original federal jurisdiction where none existed. As Mr. Justice Holmes said in American Well Works v. Layne & Bowler Co., 241 U.S. 257 (1916) at page 260, 36 S.Ct. 585, at page 586, 60 L.Ed. 987: "A suit arises under the law that creates the cause of action."

Sec. 2, Eleventh, of the Act permits— but does not require—such check-off agreements as are here involved. The permissive nature of the statute does not serve to render all claims made by the Memorandum of Understanding claims that "arise under" the Act. Plaintiff here challenges neither the validity of the Railway Labor Act nor its construction or effect upon the agreement. It seeks money damages pursuant to a contract permitted by federal law. There is a sharp demarcation between permission and compulsion. The Supreme Court in the Gully case, supra, pointed this out when it went on to say at page 116, of 299 U.S., at page 99 of 57 S.Ct., 81 L. Ed. 70:

"The argument for the respondent proceeds on the assumption that because permission at times is preliminary to action the two are to be

classed as one. But the assumption will not stand. A suit does not arise under a law renouncing a defense, though the result of the renunciation is an extension of the area of legislative power which will cause the suitor to prevail. * * * Here the right to be established is one created by the state. If that is so, it is unimportant that federal consent is the source of state authority. * * * "

The references made in the Memorandum of Understanding in no way alter the situation. All they do is state that the provisos shall be in accordance with the Railway Labor Act. Although Paragraph 6(a) deals with the deduction of uniform dues " * * * as prescribed by the Railway Labor Act," there is no prescription in the Act calling for a check-off agreement, even assuming certain prescriptions may have to be met when such an agreement is entered into. And so, although the source of the contract may be a permissive federal law, the source of the claim is state common-law on breach of contract.

The cases cited by defendant are inapposite and are distinguishable. In Railway Employes' Department v. Hanson, 351 U.S. 225, 76 S.Ct. 714, 100 L.Ed. 1112 (1956), the very validity of the Railway Labor Act was being attacked in an action to enjoin the application of a union shop agreement. There plaintiffs asserted from the outset that the union shop agreement entered into pursuant to the permissive language of Sec. 2, Eleventh, was unconstitutional, and a violation of the state right-to-work law.

In other cases, too, the validity, effect or construction of the Constitution or the federal law under which the action arose was of necessity asserted at the onset of the action. The claim drew life from it. In Felter v. Southern Pacific Co., 359 U.S. 326, 79 S.Ct. 847, 3 L.Ed. 2d 854 (1959), plaintiff challenged the check-off agreement as violative of the Act's provisos. Similarly in Switchmen's Union of North America v. Southern Pacific Co., 253 F.2d 81 (9th Cir., 1958), cert. denied 358 U.S. 818, 79 S.Ct. 29,

3 L.Ed.2d 60 (1958) and Brotherhood of Railroad Trainmen v. Smith, 251 F. 2d 282 (6th Cir., 1958), cert. denied, 356 U.S. 937, 78 S.Ct. 778, 2 L.Ed.2d 812 (1958), the Act itself was invoked by the complainants as prohibiting the interpretation and application of the union shop agreements made by the parties. See also Brady v. Trans World Airlines, 196 F.Supp. 504 (D.Del.1961); Air Line Dispatchers Association v. California Eastern Airways, 127 F.Supp. 521 (N.D.Cal.1954).

In International Association of Machinists v. Central Airlines, Inc., 372 U.S. 682, 83 S.Ct. 956, 10 L.Ed.2d 67 (1963), the Supreme Court held that the federal courts have jurisdiction to enforce awards made by an adjustment board which was established pursuant to Sec. 204, Title II of the Act. The court said that to hold otherwise would create the anomalous position of being unable to enforce the very procedures designed to prevent interruption in commerce—a purpose of the Act. At the conclusion of the opinion, the court said at page 695 of 372 U.S., at page 964 of 83 S.Ct., 10 L.Ed.2d 67:

"In the circumstances we have here, we are not dealing with a suit involving an aspect of federal law which is only collateral or remote or a case where state and federal laws are so blended as to present a serious question of the scope of the arising-under provision of § 1331 or § 1337."

Here, too, no claim or right by plaintiff arises under the Railway Labor Act. Only breaches of contract are asserted for which the Act provides no remedies. Since there is no substantial federal question arising under the Railway Labor Act which gives this court original jurisdiction, the action was improvidently removed from the state court.

Accordingly, plaintiff's motion to remand the case to the state court is granted with costs.

This is to be considered an order; no settlement thereof is necessary.

So ordered.