**SPRING CITY FLYING SERVICE, INC.,**
a Wisconsin corporation, Plaintiff,

v.

**Bruce VOGEL alias, and Brian Vogel alias, d/b/a Rapid Air Freight, Defendants,**

and

**Wal-Co-Wis Airways, Inc., a Wisconsin corproation, Interpleaded Defendant,**

and

**Amron Corporation, a foreign corporation, and Railway Express Agency, Inc., Garnishee Defendants.**

**No. 67–C–371.**

United States District Court
E. D. Wisconsin.

March 13, 1968.

———◆———

James J. Caldwell, Waukesha, Wis., for plaintiff.

Richard A. Heilprin, Madison, Wis., for defendants.

## OPINION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff, Spring City Flying Service, Inc., commenced this action in the circuit court for Waukesha County, Wisconsin, against the defendants, Bruce Vogel alias, and Brian Vogel alias, d/b/a Rapid Air Freight, Inc. The plaintiff complains that under a contract with Waukesha County, the plaintiff is authorized to operate the Waukesha County airport; that pursuant to this contract, it is authorized to make fair and reasonable charges to users of its facilities; and that the defendants used these facilities

and are now indebted to the plaintiff in the sum of $1405.15.

The defendants made a special appearance to contest the jurisdiction of the circuit court. They maintained that a Wisconsin corporation, Wal-Co-Wis Airways, was the only real and necessary defendant in the action; that they had never done business as Rapid Air Freight, but were only the officers and employees of Wal-Co-Wis Airways. The state circuit court entered an order allowing the defendants to implead Wal-Co-Wis as a third-party defendant. Subsequently, the defendants served a cross-complaint on Wal-Co-Wis, then removed this case to the federal district court. The plaintiff objects to the removal and requests that the case be remanded to the state court.

This case was removed pursuant to 28 U.S.C. § 1441(b), which states in part:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable * * *."

The plaintiff objects to the removal, claiming (1) that no federal question is raised by the pleadings and (2) that there was non-compliance with the removal procedure as outlined in § 1446(b), 28 U.S.C. The latter section provides that a petition for removal must be filed within thirty days after the defendant receives the initial pleading setting forth the claim for relief. Not only does the plaintiff maintain that the removal petition was untimely, but that the claims of the plaintiff can be determined solely on the basis of state law. Although the plaintiff has not expressly labeled his objections as such, they shall be treated by this court as a motion for remand pursuant to § 1447, 28 U.S.C.

The Vogels and Wal-Co-Wis urge that the case was properly removed and point to the fact that the Waukesha County airport was constructed with federal funds pursuant to an agreement with the Federal Aviation Agency. They therefore contend that the statutory provisions of 49 U.S.C. § 1110(1) must be met. This section reads as follows:

"As a condition precedent to his approval of a project under this chapter, the Administrator shall receive assurances in writing, satisfactory to him, that—

(1) The airport to which the project relates will be available for public use on fair and reasonable terms and without unjust discrimination;"

The defendants state that this legislative guarantee of reasonableness and fairness is in fact embodied in the lease between Waukesha County and the plaintiff. The defendants argue that Congress in its delegation of power to the Federal Aviation Agency to regulate airport charges did not intend that this power could be further delegated to units of state government such as Waukesha County. The defendants also contend that it was the intention of Congress to preempt this rate determination from the states. In addition, the defendants maintain that in order to determine what are fair and reasonable charges will require judicial construction of § 1110(1), 49 U.S.C.; that this determination cannot be made according to state law for this would result in an undue burden upon interstate commerce in violation of article 1, section 8, clause 3 of the United States constitution.

For this court to have jurisdiction over the instant action, a controversy under federal law must be present in the state complaint. It is not sufficient to give this court jurisdiction to have the federal question arise by way of defense, or even in anticipation of a defense. Robertson v. Eastern Air Lines, Inc., 221 F.Supp. 349, 351 (S.D.N.Y.1963).

A reading of the plaintiff's complaint in this action discloses no claim based upon federal law. The plaintiff simply alleges that it has authority granted by Waukesha County to operate and maintain the county airport; that the defend-

ants used its facilities and have not paid for said use.

The plaintiff, in its complaint, does not allege a dispute which will necessarily involve interpretation of statutes of the United States. The plaintiff, in its complaint, does not assert that its authority to make such charges for its services stems from federal law, nor does it claim that whether its charges for these services are fair and unreasonable must be determined by federal law. These federal questions have been raised in the petition for removal and by way of a defense in the answer to the third-party complaint.

■ In determining the presence of a federal question, it is the plaintiff's complaint, unaided by the petition for removal, which must disclose the presence of such federal question. Remick v. Bekins Van & Storage Co., 197 F.2d 369, 370 (5th Cir. 1952).

■ Even though portions of federal law may enter into the ultimate decision in this matter, such fact is insufficient to confer jurisdiction upon this court. In Debevoise v. Rutland Railway Corporation, 291 F.2d 379, at page 380 (2nd Cir. 1961), the court stated:

> "It is well settled that the likelihood— even the certainty—that federal law will enter a case by way of defense does not confer jurisdiction upon the district courts."

See also Adams v. State of California, 176 F.Supp. 456 (N.D.Cal.1959). Both the statutory and constitutional defenses of the Vogels and Wal-Co-Wis can be offered in the state circuit court.

Since the plaintiff's motion for remand can be decided upon the above discussed ground, it is not necessary for the court to decide whether the procedures for removal as set out in 28 U.S.C. § 1446(b) were complied with in this case.

It is therefore ordered that the plaintiff's motion shall be granted and the case is hereby remanded to the circuit court for Waukesha County, Wisconsin.